**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L1 TECHNOLOGIES, INC.; SYNCWISE, LLC; and PIXELS MATTER, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SERHII CHEKANOV; DMITRY FATEEV; ROMAN KOLESNIKOV; and VEBERFOC, INC.,<br><br>Defendants. | Case No.: 20-cv-00259-H-JLB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>[Doc. No. 18.] |

On February 11, 2020, Plaintiffs L1 Technologies, Inc., Syncwise, LLC, and Pixels Matter, LLC (collectively, "Plaintiffs") filed a complaint against Defendants Serhii Chekanov, Dmitry Fateev,[1] Roman Kolesnikov, and VeberFOC, Inc. (collectively, "Defendants"). (Doc. No. 1.) On September 15, 2020, Plaintiffs filed a motion for leave

---

[1] On June 16, 2020, Fateev filed a motion to dismiss the complaint. (Doc. No. 6.) Shortly thereafter, Plaintiffs and Fateev settled, with both agreeing to release all claims they had against one another. (Doc. No. 16.) Accordingly, the Court dismissed Fateev's motion to dismiss as moot. (Doc. No. 17.)

1

to amend their complaint, seeking leave to add causes of action for defamation and trade libel. (Doc. No. 18 at 1; see also Doc. No. 19, Proposed Amended Compl. ¶¶ 31-33, 90-95.) Defendant filed a response in opposition to Plaintiffs' motion on September 22, 2020. (Doc. No. 21.) Plaintiffs did not file a reply. For the following reasons, the Court grants Plaintiffs' motion for leave to amend their complaint.

## BACKGROUND

On February 11, 2020, Plaintiffs filed a complaint against Defendants. (Doc. No. 1.) In the complaint, Plaintiffs alleged claims against Chekanov for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud and concealment; (4) negligent misrepresentation; and (5) breach of fiduciary duty. (Id.) Plaintiffs also alleged claims against Defendants for: (6) conspiracy; (7) conversion; (8) misappropriation by acquisition; (9) unjust enrichment; (10) unfair and deceptive trade practices; (11) unfair competition in violation of California Business and Professions Code § 17200 et seq.; and (12) intentional interference with contracts. (Id.)

According to Plaintiffs, since the filing of their complaint, Defendants have repeatedly commented false statements on Plaintiffs' customers' social media platforms. (Doc. No. 19, Proposed Amended Compl. ¶¶ 31-32.) Plaintiffs provide several examples of these activities in Exhibit 6 of their proposed amended complaint. (Id. Ex. 6.) For example, Plaintiffs allege that Defendants commented the following message on one of Plaintiffs' customer's LinkedIn posts:

> The level of specialists L1 Technologies [*sic*] is very low . . . . Developers are engaged in theft and copying of branded electrical and GPS devices while presenting the development as their own. Also, the main boss turns out to be violates for women [*sic*] as evidenced by several lawsuits from women against him in the USA! I will not advise this disgusting company.

(Id.) Plaintiffs' customers have contacted them about these comments, complaining that it is a nuisance to continuously monitor and delete these false statements. (Id. ¶ 32.)

Also, Defendants allegedly made false statements about Plaintiffs' business operations to the Internal Revenue Service ("IRS"). (Id. ¶ 33.) Plaintiffs' proposed

amended complaint attaches an IRS information referral form (Form 3949-A), allegedly filed by Chekanov, in which Chekanov reported Plaintiffs for suspected tax law violations.[2] (Id. Ex. 7.)  According to the exhibit, Chekanov reported t that Plaintiffs were hiding their income by and through their various affiliate businesses and overseas operations.  (Id.)

Based on these new allegations, Plaintiffs now seek to amend their complaint to add claims for defamation and trade libel against Defendants. (Doc. No. 18 at 1.)  Chekanov's response in opposition to Plaintiffs motion was largely nonresponsive.  (See Doc. No. 21 at 1-2.)  Chekanov did state, however, that he had "no relationship" to the alleged correspondence with Plaintiffs' customers on social media[3] and that "it is not worth connecting" these activities with his statements to the IRS.  (See id. at 1.)

# DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The "court should freely give leave when justice so requires." Id.  "[T]his policy is to be applied with extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  "Generally, this determination should be performed with all inferences in favor of granting the motion."  Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

Courts may not decline to grant leave to amend absent a strong showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc."  Sonoma Cnty. Ass'n of Retired Emples. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration

---

[2]  The form was signed by "Chekanov S.P."  (Id. Ex. 7.)  In his response, Chekanov did not dispute that he filed this form with the IRS. (Doc. No. 21 at 1.)  Rather, he referred to the form as "*my* information [*sic*] to the US IRS."  (Id. (emphasis added).)

[3]  None of the comments Plaintiffs attached in Exhibit 6 were made by profiles bearing the names of Defendants.  (See Doc. No. 19, Ex. 6.)  Nonetheless, Plaintiffs contend that these posts were made by Defendants.  (Id. ¶¶ 31-32.)

in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." Id. (alteration in original) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003)). Absent prejudice, "or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052

The circumstances of this case favor granting Plaintiffs leave to amend. This is Plaintiffs' first request for leave to amend. There is no evidence before the Court that would suggest that Plaintiffs delayed bringing its new claims or brought them in bad faith; to the contrary, Plaintiffs seek to amend their complaint to add claims based on the activities Defendants engaged in after the filing of the initial complaint. (Doc. No. 18 at 1; Doc. No. 19 ¶ 31-33.) Additionally, there are no facts indicating that Defendants would be prejudiced by the proposed amendments or that the amendments would unduly delay the proceeding. The action is in its early stages, and the new claims neither "radically shift the nature of the case" nor do they require Defendants "to engage in substantial new discovery." Lockheed Martin Corp. v. Network Sols., Inc., 175 F.R.D. 640, 644 (C.D. Cal. 1997) (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074 (9th Cir.1990)). Finally, Chekanov's contentions that (1) he has "no relationship" to the alleged social media messages described in the Plaintiff's proposed amended complaint and (2) these messages should not be connected to his statements to the IRS are not enough to outweigh the strong presumption in favor of granting leave to amend.[4] See Eminence Capital, 316 F.3d at 1052; see also Griggs, 170 F.3d at 880 (explaining all inferences should made in

---

[4] To the extent that Chekanov is challenging the futility of Plaintiffs' new claims, he is free to challenge the sufficiency of Plaintiffs new allegations in a subsequent motion. "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003); see also SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("[Futility] issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.").

favor of granting leave); <u>Hinrichsen v. Quality Loan Serv. Corp.</u>, No. 16-CV-0690 DMS (NLS), 2017 WL 56258, at *3 (S.D. Cal. Jan. 5, 2017) ("Relevance . . . is not a factor in determining whether to grant leave to amend."). Accordingly, the Court grants Plaintiffs' motion for leave to amend the complaint.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for leave to amend the complaint. Plaintiffs must file their amended complaint on or before October 23, 2020. Defendants who have been served and responded to the original complaint have 30 days from the date of the filing of the amended complaint to respond. Defendants who have not been served must be served with the amended complaint in accordance with the applicable laws and treaties.

**IT IS SO ORDERED.**

DATED: October 15, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT