```
P. Nicholas Reid, Esq. (SBN 292471)
406 9th Ave., Suite 206
San Diego, CA 92101
Tel: (619) 734-7349

Attorneys for Plaintiffs
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L1 TECHNOLOGIES, INC.; SYNCWISE, LLC and PIXELS MATTER, LLC<br><br>Plaintiffs,<br><br>v.<br><br>SERHII CHEKANOV; ROMAN KOLESNIKOV; VEBERFOC, INC., and DOES 1-20<br><br>Defendants. | Case No.: 20CV0259H JLB<br><br>**PLAINTIFFS' AMENDED PRE-TRIAL CONFERENCE STATEMENT**<br><br>JUDGE: Hon. Jill Burkardt |

## TABLE OF CONTENTS

1. THE PARTIES AND PLEADINGS
2. JURISDICTION
3. TRIAL AND DURATION
4. ADMITTED FACTS
5. PLAINTIFFS' CLAIMS
6. DISCOVERY
7. WITNESS LIST

## 1. THE PARTIES AND PLEADINGS

Plaintiff L1 Technologies, Inc., dba iGolf, ("iGolf"); Plainitff Syncwise, LLC ("Syncwise"); Plaintiff Pixels Matter, LLC ("Pixels"), collectively "Plaintiffs". Defendant Roman ("Mr. Kolesnkov"), Defendant Dmitry Fateev ("Mr. Fateev") and all Does have been dismissed by

**PLAINTIFFS' AMENDED PRE-TRIAL CONFERENCE STATEMENT**

Plaintiffs. Remaining Defendants are Defendant Serhii Chekanov ("Chekanov") and Defendant VeberFOC ("VeberFOC"), collectively "Defendants".

## 2. JURISDICTION

Subject matter jurisdiction over this action exists under 28 U.S.C. § 1332. Defendant VeberFOC is an entity located in Florida (Exhibit 10) and Defendant Chekanov has held himself out to live in both the Ukraine and Miami, Florida (Exhibit 2, Exhibit 10). Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391 as the harm caused by Defendants occurred in this jurisdiction and the Agreement between Plaintiff Pixels and Defendant Chekanov agreed to a San Diego, California jurisdiction (Exhibit 1).

## 3. TRIAL AND DURATION

The trial is estimated to take <u>1 day</u> as Plaintiffs do not anticipate Defendants to participate in the trial. The trial is to be a bench trial.

## 4. ADMITTED FACTS

The facts in the First Amended Complaint are admitted as Defendants have not denied the claims and include documents provided by Defendant. The facts require no proof.

Plaintiffs iGolf and Syncwise are software and hardware development companies, located in the United States, who supply geographical data for over 40,000 golf courses; create software and hardware for consumer products; including private label products. Plaintiff Pixels is a software development company providing services to iGolf and Syncwise and has access to their servers and databases. Pixels has offices in the United States and Ukraine.

Defendant Chekanov worked as a software engineer for Pixels. Chekanov entered into an Independent Contract Agreement with Pixels on July 1, 2019 ("Agreement") (Exhibit 1). Chekanov was tasked with projects utilizing confidential iGolf and Syncwise intellectual property ("Confidential IP") stored on Pixels' computer servers.

Defendant Chekanov refused to work with Pixels employees and was aggressive towards employees (including yelling and physical altercations). Chekanov intentionally provided false information to Pixels regarding his software engineer abilities because he lacked basic knowledge

and skills necessary to produce functioning work-product. As a result of Chekanov's actions, Pixels terminated the relationship with Chekanov.

While working for Pixels, Defendant Chekanov accessed the Confidential IP on Pixels servers, removed it without authorization, by illegal means, and took it away from Pixels property. Then, Chekanov worked with Mr. Kolesnikov and Mr. Fateev to create a method to make a profit from the stolen Confidential IP which resulted in the creation of Defendant VeberFOC.

Defendants began contacting iGolf customers directly via: LinkedIn messages, Instagram messages, Facebook messenger, email, Skype and telephone in an attempt to lure them to VeberFOC. Chekanov represented the stolen Confidential IP to be in his possession and that he and VeberFOC can make the iGolf products with it.

Defendant VeberFOC owns and/or operates the website www.veberfoc.com (Exhibit 6), identical to Plaintiffs' websites (Exhibit 14), and links VeberFOC Facebook; VeberFOC LinkedIn profile; VeberFOC Instagram (Exhibit 10); and a business address of 16720 Berkshire Ct., Southwest Ranches, FL (Exhibit 7).

Defendant VeberFOC publicly claims it created the Confidential IP and advertises that iGolf customers are VeberFOC's customers (Exhibit 3, Exhibit 4). VeberFOC is fraudulently inducing iGolf customers with false claims related to the stolen Confidential IP. The VeberFOC Instagram account (Exhibit 10) has multiple pictures of electronics - created by iGolf - which VeberFOC claims ownership. The pictures include a Syncwise prototype undergoing testing on a golf cart by Pixels. In addition to violations of the Agreement related to ownership, it publicly depicts the prototype – Confidential IP – which is also a violation of the Agreement.

VeberFOC claims that between 3 people, over the course of 2 months, they created the exact same non-public geographical data, software and hardware to build, power and operate multiple different products ranging from smart watches to vehicle control, on over 40,000 golf courses as Plaintiffs iGolf and Syncwise, who have been building these with a 50+ person team since 2003

Defendant Chekanov posted false statements under fake accounts about the Plaintiffs on multiple social media platforms for the sole purpose of creating harm and havoc to Plaintiffs. Defendants are targeting social media posts by both Plaintiffs' customers and golfing consumers

**PLAINTIFFS' AMENDED PRE-TRIAL CONFERENCE STATEMENT**

with a systematic method so they are notified of Defendants' postings and see the postings. Defendants' scheme is comprised of cutting and pasting the same message, comprised of false statements, over and over (Exhibit 5). Defendants use the following fake accounts to make disparaging posts against Plaintiffs: Mykola B., Radion Kostenko, Vitaliy Fahadinor, Iryna Kravenko and Tim T. Tim is a prior employee of iGolf and located in San Diego, CA. Tim contacted iGolf because the Yelp post made under his name was false.

Additionally, Defendants use the same terms in all of their posts, such as: copying, low balled, not treated like human and blackmail. Blackmail is a term used under the fake accounts and Chekanov's Instagram account (Exhibit 11, pg. 10)

Since this lawsuit was filed, Defendant Chekanov has taken dramatic measures to harm Plaintiffs. On his personal Instagram, Chekanov claims that Plaintiff Pixels is a 'terrorist organization' who has 'accusations of murder' (Exhibit 11, pg. 5, 9, 10).

Plaintiffs' customers contact and notify Plaintiffs of Defendants' false statements posted on their social media accounts. Plaintiffs' customers are continuously deleting the false statements from their social media as Defendants' postings are a nuisance to Plaintiffs' customers. Plaintiffs have contacted multiple social media platforms in an effort to remove and stop the defamatory posts. Yet, Defendants continue to repost the same false statements after the previous false statements have been removed in an effort to cause maximum damage to Plaintiffs. Plaintiffs have contacted their customers in response to Defendants' actions (Exhibit 13).

Since the filing this action, Defendant Chekanov has filed false reports with the Internal Revenue Service in an attempt to harm Plaintiffs and he provided such documents to this Court.

## 5. CLAIMS

**Claim 1:** **Breach of Contract**

Defendant Chekanov entered into the Agreement (Exhibit 1), with Plaintiff Pixels on July 1, 2019. Chekanov then breached multiple sections of the Agreement and ultimately resulted in Pixels terminating the relationship with Chekanov.

Section 5 – Competent Work. This section of the Agreement was breached because Chekanov was unable to perform the work which he was hired and paid to perform – he lacked the

4

basic knowledge and skills necessary to operate the software. Therefore, he was unable to produce functioning work-product and it required other engineers to complete Chekanov's work at additional cost and time to Pixels.

Section 7 – Confidentiality. Chekanov did not keep any of the information he had access to at Pixels confidential. Chekanov disclosed the Confidential IP to Defendant VeberFOC, Mr. Fateev, Mr. Kolesnkov, iGolf customers and the world through social media accounts.

Section 10 – Ownership of Deliverables. Defendant Chekanov treated the deliverables, Confidential IP, as his own and claimed that he owned the Confidential IP when Chekanov agreed that all deliverables belonged to Pixels.

Section 12 Miscellaneous. Ownership of property (non-numbered - section after 12.4). Chekanov took Plaintiffs' property unlawfully and without any authorization, specifically software, from Pixels in violation of the Agreement.

As a result of these breaches by Chekanov, Pixels has been harmed as Chekanov: did not provide the services which Pixels had paid Chekanov to perform; did not keep the information confidential; stole Confidential IP from Pixels and treated the stolen Confidential IP as his own.

**Claim 2:**     **Breach of Covenant of Good Faith and Fair Dealing.** Dismissed.

**Claim 3:**     **Fraud**

Defendant Chekanov, under false pretenses, provided information to Pixels prior to entering into the Agreement. Pixels reasonably relied on Chekanov's representations – qualified to perform the specific duties of a software engineer – and Pixels entered into the Agreement with Chekanov. Chekanov intended Pixels believe his false representations to be truth. Chekanov then used this position to receive monies from Pixels and access Confidential IP and steal it. Then Chekanov created a method to sell the Confidential IP for his own financial gain. Chekanov intended to harm Pixels and actually caused harm to Pixels.

**Claim 4:**     **Negligent Misrepresentation.** Dismissed.

**Claim 5:**     **Breach of Fiduciary Duty.** Dismissed.

///

///

PLAINTIFFS' AMENDED PRE-TRIAL CONFERENCE STATEMENT

**Claim 6:** **Conspiracy**

Defendants agreed to, and performed, the scheme and method to use the stolen Confidential IP for their own financial benefit and to sabotage Plaintiffs' business. Defendants created a website (Exhibit 4, Exhibit 14), email addresses, a LinkedIn account (Exhibit 2, Exhibit 11), a Facebook account (Exhibit 12) and an Instagram account (Exhibit 9) and fake accounts (Exhibit 5). Defendants used these various platforms to contact iGolf and Syncwise customers directly and lure them with lower prices; and false statements, including Confidential IP belonged to Defendants, in a scheme to take current and prospective customers from iGolf and Syncwise. Defendants, jointly and independently, systematically attacked Plaintiffs through defamatory postings for the purpose of harming Plaintiffs. Each Defendant was aware of the other Defendant's wrongful acts. Therefore, Defendants are each responsible for the other Defendants' actions. As a result, both Chekanov and VeberFOC caused harm to all Plaintiffs for each and every claim Plaintiffs have in this lawsuit.

**Claim 7:** **Conversion**

Between July and October of 2019, Defendant Chekanov stole the Confidential IP using fraudulent and illegal means in order to defraud Plaintiffs by accessing Pixels' computer servers and removing the Confidential IP from Pixels' property. After Defendants seized control of Confidential IP, they began to sell it publicly. Defendants exercise complete control and dominion over the stolen Confidential IP for their own use and enjoyment. Defendants began luring away Plaintiffs' customers and potential customers. As a result, Defendants caused harm to all Plaintiffs.

**Claim 8:** **Misappropriation by Acquisition**

Defendant Chekanov misappropriated Plaintiffs' Confidential IP by acquisition from Pixels. Defendant VeberFOC acquired the Confidential IP from Chekanov and knew or had reason to know that Chekanov used improper means to acquire Confidential IP because Chekanov is the Chairman and CEO of VeberFOC (Exhibit 2, Exhibit 11, Exhibit 12). Additionally, there was no way for VeberFOC to obtain the Confidential IP without it being misappropriated as Plaintiffs did not share the Confidential IP with VeberFOC. There are no agreements for transfer or purchase of the Confidential IP between VeberFOC and any Plaintiff – normal course of business of transferring Confidential IP between parties. As a result, Defendants have caused harm to all Plaintiffs.

**PLAINTIFFS' AMENDED PRE-TRIAL CONFERENCE STATEMENT**

**Claim 9:** **Unjust Enrichment.** Dismissed.

**Claim 10:** **Unfair and Deceptive Trade Practices**

Defendants engaged in unlawful sales below cost by offering to sell the Confidential IP at a lower price than Plaintiffs directly to Plaintiffs' customers and potential customers (Exhibit 2, Exhibit 3, Exhibit10); Defendants' made dozens of public defamatory statements about Plaintiffs' and directed such defamatory statements to Plaintiffs' customers (Exhibit 3, Exhibit 6, Exhibit7, Exhibit 9, Exhibit 10). MANY OF THESE PUBLIC WRITING CANNOT BE REMOVED WITHOUT DEFENDANTS REMOVING THE STATEMENTS – SO THE STATEMENTS CONTINUE TO HARM PLAINTIFFS AND WILL DO SO INDEFINITELY. Chekanov made false claims about Plaintiffs to the IRS (Exhibit 7), Security Service of Ukraine, National Police of Ukraine, Tax Police of Ukraine, European Court of Human Rights and Interpol (Exhibit 8). Defendants' purpose is to injure and/or destroy Plaintiffs. As a result, Defendants deceptive trade practices have caused harm to all Plaintiffs.

**Claim 11:** **Unfair Competition**

The Agreement between Pixels and Chekanov (Exhibit 1) states that all work performed and deliverables created by Chekanov was for the benefit of Pixels and owned by Pixels, thus working in conjunction and cooperation with all Plaintiffs. Defendants now positioned themselves as a competitor to iGolf and Syncwise, purporting and bragging to have stolen the Confidential IP, in breach of the Agreement. Defendants used the stolen Confidential IP to harm Plaintiffs by not only offering it to the public but directly contacting iGolf customers (Exhibit 2, Exhibit 3, Exhibit 4, Exhibit 10, Exhibit 11, Exhibit 12). As alleged above, Chekanov used his position with Pixels to interfere with and erode the business of Plaintiffs for the benefit of Defendants and a method to take complete control over the operations of Plaintiffs through Plaintiffs' own customer base. As a result of Defendants engaging in unfair competition all Plaintiffs have been harmed.

**Claim 12:** **Intentional Interference with Contracts**

Defendants knew of the contractual relationships between Plaintiffs and their customers. Defendants intentionally interfered by reaching out directly to Plaintiffs' customers and stating that Defendants could make the exact same products, as Plaintiffs, for a lower price (Exhibit 2, Exhibit

3, Exhibit 10) and making false statements about Plaintiffs to customers. Defendants' intent is to cause termination of the contracts between Plaintiffs and customers. This has harmed Plaintiffs' relationships with their contractual customers and Plaintiffs have had to take significant measures to prevent customers from terminating contracts as Defendants' communications have raised doubt to Plaintiffs' pricing and security. As a result, Defendants caused harm to all Plaintiffs.

**Claim 13:      Defamation per se**

Defendants harmed Plaintiffs by making false statements to countless third parties through social media posts and directing defamatory statements to Plaintiffs' customers, employees and others in Plaintiffs' regular course of business through Facebook (Exhibit 3); LinkedIn, YouTube, Glassdoor, Yelp (Exhibit 6); and Instagram (Exhibit 9). Defendants also made fake reports to IRS, Security Service of Ukraine, Ukraine National Police and Interpol with a threat of a false report to European Court of Human Rights (Exhibit 8). MANY OF THESE PUBLIC WRITING CANNOT BE REMOVED WITHOUT DEFENDANTS REMOVING THE STATEMENTS – SO THE STATEMENTS CONTINUE TO HARM PLAINTIFFS AND WILL DO SO INDEFINITELY. Since this lawsuit was filed, Defendant Chekanov has taken dramatic measures to harm Plaintiffs. On his personal Instagram, Chekanov claims that Plaintiff Pixels is a 'terrorist organization' who has 'accusations of murder' (Exhibit 11, pg. 5, 9, 10).

Everyone Defendants contacted reasonably understood the statements to be about Plaintiffs and reasonably understood the statements to mean that Plaintiffs' engage in theft and copying intellectual property of others; Plaintiffs' engage in illegal activity and Defendants failed to use reasonable care to determine the truth or falsity of their statements. The Yelp review (Exhibit 6) used the name 'Tim T.' a former employee of iGolf and who contacted iGolf to report the review and has attempted to have the post removed, but all efforts to remove these defamatory posts have been futile. All of the reviews use the same terminology and the term 'blackmail' and all were within the same period of time, during the duration of this lawsuit. As a result, Defendants caused harm to all Plaintiffs.

///

///

**Claim 14:**     **Trade Libel**

Defendants made disparaging statements about Plaintiffs hardware and software products (Exhibit 2, Exhibit 3, Exhibit 6, Exhibit 7, Exhibit 8, Exhibit 9, Exhibit 10). Defendants made statements that [would be clearly or necessarily understood to have] disparaged the quality of Plaintiffs' products and services; the statements were made to third parties and Plaintiff's customers; the statements were untrue; Defendants knew the statements were untrue or acted with reckless disregard of the truth or falsity of the statements; Defendants knew or should have recognized that someone else might act in reliance on the statements, causing Plaintiffs' financial loss. As a result, Defendant Chekanov and Defendant VeberFOC caused harm to all Plaintiffs.

## DISCOVERY

Defendants have refused to engage in discovery. However, Defendant Chekanov has provided certain documents to the Court to supports Plaintiffs' causes of action. Plaintiffs do not anticipate the need for further discovery. Plaintiffs obtained evidence from Defendants' social media accounts, the Agreement between Plaintiff Pixels and Defendant Chekanov, VeberFOC website, and complaints to governmental entities.

## 6. WITNESS LISTS

1. Melanie Gregory – iGolf employee with contract work for Pixels in both US and Ukraine.

## 7. EXHIBIT LIST

1. EXHIBIT 1: Independent Contractor Agreement between Pixels and Chekanov.
2. EXHIBIT 2: LinkedIn account – Chekanov. CEO and Chairman of VeberFOC and located in Miami, Florida. Prior employment at Pixels.
3. EXHIBIT 3: LinkedIn messages between Chekanov, on behalf of VeberFOC with a iGolf customer: Chekanov telling iGolf customer the Confidential IP belongs to Defendants.
4. EXHIBIT 4: LinkedIn messages from Chekanov claiming Plaintiffs' Confidential IP belongs to Defendants. VeberFOC can beat iGolf on both price and quality.
5. EXHIBIT 5: False LinkedIn posts about Plaintiffs with Confidential IP.
6. EXHIBIT 6: VeberFOC website.
7. EXHIBIT 7: VeberFOC office address/location.

8. EXHIBIT 8: Chekanov false reports filed with Internal Revenue Service against iGolf employees Melanie Gregory and Brian Verdugo; and all Plaintiffs (iGolf, Syncwise and Pixels).

9. EXHIBIT 9: Chekanov false reports filed with the Security Service of Ukraine, Ukraine National Police and Interpol and threat of filing with European Court of Human Rights.

10. EXHIBIT 10: VeberFOC Instagram account.

11. EXHIBIT 11: Chekanov Instagram account.

12. EXHIBIT 12: Chekanov Facebook account.

13. EXHIBIT 13: iGolf letter to customers re: Chekanov and VeberFOC.

14. EXHIBIT 14: Syncwise and VeberFOC webpages.

Dated: March 11, 2022

P. Nicholas Reid, attorney for Plaintiffs

PLAINTIFFS' AMENDED PRE-TRIAL CONFERENCE STATEMENT