UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L1 TECHNOLOGIES, INC.; SYNCWISE, LLC; and PIXELS MATTER, LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SERHII CHEKANOV,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:20-cv-00259-H-JLB<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO REOPEN THE CASE** |

On September 4, 2023, Defendant Serhii Chekanov ("Defendant") filed the present motion titled "motion to reopen case" and attached six documents. (Doc. No. 91.) The Court construes Defendant's filing as a motion for relief under Federal Rule of Civil Procedure 60(b).

In his motion, Defendant indicated that he was unable to attend the Court's August hearing due to the conflict in Ukraine. (Doc. No. 91.) However, Defendant failed to participate in this litigation well before the conflict in Ukraine broke out on February 24, 2022. (Doc. Nos. 39, 42, 47, 50, 56.) Specifically, starting in March 2021, Defendant repeatedly failed to appear for Court-ordered conferences and for hearings on orders to

1

show cause and repeatedly failed to comply with Court orders. (Doc. Nos. 39, 42, 47, 50, 56, 63, 77, 78, 81, 84, 87.)  In April 2021, Magistrate Judge Burkhardt went so far as to sanction Defendant for his multiple failures to appear and failures to comply with Court orders.  (Doc. No. 43.)  The Court details Defendant's continued failure to participate in this litigation below.

## BACKGROUND

On February 11, 2020, Plaintiffs L1 Technologies, Inc., Syncwise, LLC, and Pixels Matter, LLC ("Plaintiffs") filed a complaint against Defendant[1] Serhii Chekanov. (Doc. No. 1.)  On September 15, 2020, Plaintiffs filed a motion for leave to amend the complaint. (Doc. No. 18.) The Court granted Plaintiffs' motion and on October 17, 2020, Plaintiffs filed a first amended complaint ("FAC").  On January 5, 2021, Defendant filed an answer to the FAC.  (Doc. No. 32.)

Following Defendant's answer, Magistrate Judge Burkhardt scheduled an Early Neutral Evaluation ("ENE") conference for March 24, 2021. (Doc. No. 33.) Defendant failed to file his ENE statement by the required date and failed to appear for the ENE conference. (Doc. Nos. 37, 39.) Judge Burkhardt issued an order setting a telephonic show cause hearing for April 7, 2021 regarding Defendant's failure to appear. (Doc. No. 41.) Defendant failed to appear at the telephonic show cause hearing. (Doc. No. 42.) Judge Burkhardt imposed a sanction of $75 for Defendant's failure to appear. (Doc. No. 43.)

On March 26, 2021, Judge Burkhardt issued a scheduling order that set the mandatory settlement conference ("MSC") for November 10, 2021, set the deadline for the parties to file their memorandum of fact and contentions of law for January 14, 2022, and set the final pretrial conference for February 14, 2022.  (Doc. No. 40.)

On November 3, 2021, Judge Burkhardt issued an order providing zoom information

---

[1]   Additional Defendants Dmitry Fateev, Roman Kolesnikov, and VeberFOC, Inc. were dismissed from this litigation. (Doc. Nos. 16, 49, 68.)

for the parties to appear remotely for the November 10, 2021 MSC. (Doc. No. 46.) Defendant failed to lodge his MSC statement and failed to appear at the November 10, 2021 MSC that was held by video. (Doc. Nos. 45, 47.) Judge Burkhardt issued an order setting a telephonic show cause hearing for December 16, 2021, regarding Defendant's failure to appear. (Doc. No. 48.) Judge Burkhardt's order advised Defendant that if he could not afford to call into the Court's toll-free conference line, he may request in his declaration that the Court convert the telephonic hearing to a video conference. (Id.) Defendant did not file the requisite declaration and failed to appear at the telephonic show cause hearing. (Doc. Nos. 50, 52.) Judge Burkhardt set an additional show cause hearing by video conference for February 25, 2022 and provided Defendant with a zoom link. (Doc. No. 52.) Defendant failed to appear. (Doc. No. 61.)

On February 7, 2022, Plaintiffs filed their initial pretrial memorandum prior to the February 14, 2022 pretrial conference. (Doc. No. 53.) On February 14, 2022, the Court held a final pretrial conference. (Doc. No. 55.) The Court provided Defendant with nearly a year of notice of the date and time of the final pretrial conference because it was set on March 26, 2021 in the Court's scheduling order. (Doc. No. 40.) The Court also provided Defendant with a zoom link so that he could appear by video at the final pretrial conference. (Doc. No. 54.) Defendant failed to appear. (Doc. No. 55.) Defendant did not provide the Court with any reason for his absence. (Doc. No. 56.)

On February 14, 2022, the Court issued an order to show cause for Defendant's failure to appear and scheduled a show cause hearing and rescheduled the final pretrial conference for February 28, 2022. (Doc. No. 56.) On February 23, 2022, Defendant filed a response that the Court construed as his pretrial memorandum. (Doc. No. 57.) In his response, Defendant stated that he was residing in the Ukraine. (Id.) The Court provided Defendant with a zoom link so that he could appear by video at the show cause hearing and final pretrial conference. (Doc. No. 60.) Defendant failed to appear at the February 28, 2022 hearing. (Doc. No. 63.)

The Court repeatedly continued the order to show cause and final pretrial conference hearing. (Doc. Nos. 65, 67, 70, 72, 73, 74, 75.) Similar to his behavior before Judge Burkhardt, Defendant has routinely failed to comply with this Court's orders. (Doc. Nos. 55, 56, 63, 77.) Specifically, Defendant has failed to appear for Court-ordered conferences and hearings on orders to show cause on numerous occasions. (Doc. Nos. 39, 42, 47, 50, 56, 63, 77, 78, 81, 84, 87.) The Court has also consistently provided internet-accessible zoom or teams videoconference links and dial-in numbers free of charge to the parties. (Doc. Nos. 46, 54, 59, 60, 76, 78, 81, 82.)

On June 12, 2023, following the multiple continuances on the order to show cause and final pretrial conference hearing, the Court held a status conference and provided a video link so that Defendant could appear remotely. (Doc. No. 77.) At the conference, Plaintiffs indicated that they wished to proceed to trial and requested a one-day bench trial. (Id.) Defendant failed to appear. (Id.)

On June 22, 2023 the Court issued an order to show cause why Defendant should not be held in default and a scheduling order setting a trial date. (Doc. No. 78.) In the order, the Court gave the parties two months' notice and scheduled the order to show cause hearing and final pre-trial conference for August 14, 2023 and a one-day bench trial for August 15, 2023. (Id.) The Court provided an internet-accessible teams videoconference link and dial-in number for the order to show cause hearing and final pre-trial conference as part of the order. (Id.)

On August 14, 2023, the Court held the final pre-trial conference hearing. (Doc. No. 84.) Patrick Nicholas Reid appeared for Plaintiffs over the provided dial-in and videoconferencing link. (Id.) Defendant failed to appear. (Id.) That same day, the Court issued an order to show cause why Defendant should not be sanctioned, including terminating sanctions, for his failure to appear at the final pre-trial conference, failure to appear at the order to show cause hearing, failures to appear at numerous other Cout ordered hearings, and failures to comply with Court orders. (Doc. No. 85.) The Court ordered Defendant to appear on August 15, 2023. (Id.)

On August 15, 2023, the Court held a one-day bench trial in addition to the order to show cause hearing. (Doc. No. 87.) Patrick Nicholas Reid appeared on behalf of Plaintiffs. (Id.) Defendant failed to appear. (Id.) For the order to show cause hearing, the Court stated that it remained pending given Defendant's failure to appear. (Doc. No. 88.)

Following the bench trial, on August 30, 2023, the Court issued a memorandum decision in favor of Plaintiffs and against Defendant. (Doc. No. 89.) Specifically, the Court ruled in favor of Plaintiff Pixels Matter's breach of contract cause of action and awarded Pixels Matter damages. (Doc. No. 89.) The Court also ruled in favor of Plaintiffs L1 Technologies, Syncwise, and Pixels Matter on their intentional interference with contractual relations, conversion, and defamation per se causes of action and awarded Plaintiffs equitable relief in lieu of damages. (Id.) The memorandum decision ordered Plaintiffs to file proposed injunctive relief within seven days of the date the decision was filed. (Id.)

That same day, based on the reasons stated in the memorandum decision, the Court issued a judgment awarding Plaintiff Pixels Matter, LLC $55,000 in damages plus costs as provided by law for its breach of contract cause of action. (Doc. No. 90.) The Court also stated that it will issue a permanent injunction for Plaintiffs L1 Technologies, Syncwise, and Pixels Matter on their intentional interference with contractual relations, conversion, and defamation per se causes of action and awarded costs on those causes of action as provided by law. (Doc. No. 90.)

On September 4, 2023, Defendant filed the present motion titled "motion to reopen case" and attached six documents. (Doc. No. 91.)

### DISCUSSION

The Court construes Defendant's motion to reopen the case as a motion for relief under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order,

or proceeding" for certain enumerated reasons.[2]  Fed. R. Civ. P. 60(b).  A 60(b) motion for relief "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).   Notably, a 60(b) motion for relief "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880–81 (9th Cir. 2009) (citation omitted); see also U.S. v. Westlands Water Dist., 134 F.Supp.2d 111, 1131 (E.D. Cal. 2001) (holding that a 60(b) motion "is not a vehicle to reargue the motion or to present evidence which should have been raised before" (citation omitted)).

Here, in his Rule 60(b) motion, Defendant asks the Court to reopen the case and take note of six documents attached to his motion. (Doc. No. 91.)  Specifically, Defendant asserts that he completed work for Pixels Matter and asks the Court to take note of various payments and a Ukrainian lawsuit. (Id.)  Defendant also states that he was unable to attend the Court's hearing in August because he was on a combat mission in the Ukraine. (Id.)

The Court's March 26, 2021 scheduling order set the deadline for Defendant to disclose any documents or other exhibits as January 14, 2022, well before the conflict in Ukraine broke out. (Doc. No. 40.) Additionally, pursuant to the scheduling order and Rule 26(a)(3), Defendant's exhibits were due by February 7, 2022 as part of a joint pretrial conference order. (Id.)   Defendant failed to meet both of those deadlines.  Further, Defendant has not explained why these documents were not a part of the joint pretrial conference order that was due on February 7, 2022. (See Doc. No. 91.)  In sum, Defendant has failed to meaningfully participate in this case before the conflict in Ukraine started.

---

[2]  Those reasons include: mistake, newly discovered evidence, fraud, a void judgment, a satisfied judgment, and any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6).

Nevertheless, in light of Defendant's recent filing, the Court directs Plaintiffs to respond to Defendant's motion to reopen the case. The Court also asks Plaintiffs to consider whether they are willing to waive their right to damages and solely seek injunctive relief given the difficulties of collection here.

The Court grants Plaintiffs **fourteen (14) days** from the date this order is filed to file an opposition to Defendant's motion to reopen the case. The Court directs Plaintiffs to address each of the allegations in Defendant's motion and specifically Defendant's statement that the Ukraine court rejected their claim and discuss any legal effect that case may have here.

**IT IS SO ORDERED.**

DATED: September 8, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT