UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L1 TECHNOLOGIES, INC.; SYNCWISE, LLC; and PIXELS MATTER, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SERHII CHEKANOV, <br><br> Defendant. | Case No.: 3:20-cv-00259-H-JLB <br><br> **PERMANENT INJUNCTION** |

On August 30, 2023, the Court issued a Memorandum Decision in favor of Plaintiffs L1 Technologies, Inc., Syncwise, LLC, and Pixels Matter, LLC ("Plaintiffs") and against Defendant Serhii Chekanov ("Defendant"). (Doc. No. 89.) That same day, the Court issued a judgment based on the Memorandum Decision indicating that the Court will issue a permanent injunction to protect Plaintiffs from future harm. (Doc. No. 90.) Accordingly, the Court incorporates the findings in the Memorandum Decision in support of this permanent injunction.

# PERMANENT INJUNCTION

A.     **Permanent Injunction**

In the Ninth Circuit, a plaintiff who seeks a permanent injunction must satisfy a four-factor test.  See Kurin, Inc. v. Magnolia Med. Techs., Inc., 473 F. Supp. 3d 1117, 1141 (S.D. Cal. 2020) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). A plaintiff must show:

> "(1) [t]hat it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

eBay Inc., 547 U.S. at 391. "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id. (citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 320 (1982)).

Here, the evidence at trial established that Defendant took Plaintiffs' confidential intellectual property and used it to create a competitor company.  Defendant then reached out to Plaintiffs' customers and offered Plaintiffs' products at a reduced price. Additionally, Plaintiffs' presented evidence showing that Defendant made multiple false statements about Plaintiffs over an extended period of time to the IRS and on social media platforms.  Based on Defendant's actions, the evidence at trial further established that Plaintiffs' reputation with their customers had been harmed.  Accordingly, Plaintiffs have shown that they suffered an irreparable injury.  See Optinrealbig.com, LLC v. Ironport Sys., Inc., 323 F.Supp.2d 1037, 1050 (N.D. Cal. 2004) ("Damage to a business' goodwill is typically an irreparable injury because it is difficult to calculate").

Plaintiffs have also established that remedies available at law are inadequate to compensate for their injury.  Money damages will not prevent Defendant from taking steps again in the future to solicit Plaintiffs' customers with Plaintiffs' confidential intellectual property.  Money damages will also not prevent Defendant from making additional false statements about Plaintiffs over the internet and to governmental agencies.  Further, money

damages alone will not compensate Plaintiffs for the loss of reputation Plaintiffs suffered due to Defendant's solicitations and postings. Thus, Plaintiffs have shown that remedies available at law are inadequate. See, e.g., Facebook. Inc. v. Power Ventures, Inc., 2013 WL 5372341, at *15 (N.D. Cal. Sept. 25, 2013); Pyro Spectaculars North Inc. v. Souza, 861 F.Supp.2d 1079, 1092 (E.D. Cal. 2012) (granting injunction in part because defendant still possessed plaintiff's data).

Next, Plaintiffs have shown that, considering the balance of hardships, injunctive relief is warranted. Plaintiffs have suffered irreparable harm from Defendant's defamatory statements, Defendant's conversion of Plaintiffs' intellectual property, and Defendant's solicitation of Plaintiffs' customers using Plaintiffs' stolen intellectual property. Specifically, any injunction is focused on preventing Defendant from unlawfully using Plaintiffs' intellectual property to solicit Plaintiffs' customers and from posting similar false statements about Plaintiffs. Defendant, on the other hand, would suffer little hardship if enjoined from committing future unlawful actions. Accordingly, Plaintiffs have shown that the balance of hardships is in their favor. See Pyro Spectaculars, 861 F.Supp.2d at 1092 (granting an injunction because it "would not cause any significant hardship to defendant, because it would essentially only require him to abide by existing law regarding the unauthorized use of another's [property]").

The public interest factor supports an injunction as well. Injunctive relief serves the public interest because California has a strong policy in favor of protecting a company's confidential intellectual property. See Morlife, Inc. v. Perry, 56 Cal. App. 4th 1514, 1520 (1997) ("[F]undamental to the preservation of our free market economic system is the concomitant right to have the ingenuity and industry one invests in the success of the business or occupation protected from the gratuitous use of that 'sweat-of-the-brow' by others.") Further, the injunction benefits the public's interest because it will serve to deter only conduct that violates the law. Thus, Plaintiffs have proven that the public interest would not be disserved by a permanent injunction. eBay Inc., 547 U.S. at 391.

///

**B.     Injunction**

In sum, Plaintiffs have shown that a permanent injunction is warranted. Id. Plaintiffs are entitled to a permanent injunction as follows:

Defendant, individually and doing business under any other name or using any other entity, and those persons in active concert or participation with him, are permanently enjoined from:

1. Possessing, using, selling, advertising for sale, disclosing, posting, or transmitting any of Plaintiffs' confidential intellectual property.  Plaintiffs' intellectual property includes but is not limited to: 40,000 golf course maps; methods for processing the golf course maps through mobile applications on IOS and Android platforms or any source code related thereto; and all technical information related to the Yamaha YTX, including motor control and geo fence data.

2. Contacting Plaintiffs' customers, including any current or former customers, regarding Plaintiffs' confidential intellectual property.

3. Making any false statement that Plaintiffs are a terrorist cell, terrorists, or are affiliated with Russia.

4. Making any false statement that Plaintiffs engaged in theft, money laundering, or tax evasion.

5. Making any false reports about Plaintiffs to the IRS or other governmental agencies.

**IT IS SO ORDERED**.

DATED: October 16, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT